### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION
### CASE NO. 1:08-CV-00034-R

WESTPORT INSURANCE CORP.                                    PLAINTIFF

v.

DONALD MUDD and
MARTHA TOWE                                                 DEFENDANTS

### MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Plaintiff's Motion for Partial Summary
Judgment (DN 18).  Defendants have responded (DN 20 & 21), and Plaintiff has replied (DN 24
& 25).  This matter is now ripe for adjudication.  For the reasons that follow, Plaintiff's Motion
is DENIED.

### BACKGROUND

On March 6, 2008, a jury found Defendants Donald Mudd and Martha Towe guilty of
numerous federal criminal offenses.  Relevant to the present motion, Mudd was found guilty of
arson and mail fraud.  Towe was also found guilty of mail fraud.  Plaintiff Westport Insurance
Corporation ("Westport") now seeks to establish Defendants' civil liability for arson, committing
a fraudulent insurance act, theft, conspiracy to commit theft, and racketeering by employing the
doctrine of collateral estoppel.

The events underlying Defendants' criminal convictions and the present civil action
revolve around the Lt. Harold R. Cornwell Veterans of Foreign Wars Post 1298 ("VFW")
located in Bowling Green, Kentucky.  Westport insured VFW.  On August 13, 2003, Mudd's act
of arson destroyed the VFW building.  He then submitted three "Proof of Loss" statements to
Westport, falsely attesting that he did not cause the fire losses.  Additionally, between the time of

the fire and April 2006, Mudd and Towe stole gaming revenues from VFW.

After the fire, Westport paid $271,160.16 to VFW under insurance Policy No. LB 0000000498-02.  After VFW suffered losses from stolen gaming revenues, Westport paid $90,983.78 to VFW under insurance Policy No. LB 00000016689-02.  Westport states that it is subrogated to VFW's interests in all claims connected to the arson and theft losses.

STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys.*

2

*Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

ANALYSIS

"[O]ffensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4 (1979). Collateral estoppel may be applied to bar litigation of an issue only if four basic criteria are met: "(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589-90 (6th Cir. 2009) (citing *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir. 1987)). Even when these requirements are met, however, "'a trial judge should not allow the use of offensive collateral estoppel'" when "'the application of offensive estoppel would be unfair to a defendant.'" *Patrick v. S. Cent. Bell Tel. Co.*, 641 F.2d 1192, 1199 (6th Cir. 1980) (quoting *Parklane*, 439 U.S. at 331); *see also Cobbins*, 566 F.3d at 590. Due to the difficulty of applying it equitably, a trial judge has broad discretion to determine when the doctrine of offensive collateral estoppel should be applied. *Clay v. Johns-Manville Sales Corp.*, 722 F.2d 1289, 1295-96 (6th Cir. 1983) (citing *Parklane*, 439 U.S. at 331).

Regardless of whether the four criteria for collateral estoppel have been met in this case, the Court finds that the application of the doctrine would be unfair to the Defendants. Most arson cases turn on expert opinion that a fire was intentionally set. Some experts testified at the

3

criminal trial.  Defense strategy in a civil trial and a criminal trial can be and frequently is different.  Defense counsel in the criminal trial took a line of cross examination consistent with his defense strategy.  There is at least a possibility if not a probability that defense strategy in this case could be different.  Defendants in this case may ask different questions on cross examination.  Defense counsel in this civil case may have different expert witnesses in rebuttal. Also, there is limited discovery in a criminal trial.  There are no discovery depositions of witnesses or experts.  In this civil trial, defense counsel could have the benefit of the transcript of the criminal trial and additional discovery that may be available in this civil case.  Finally, this judge presided over the criminal trial.  The Court finds it could be very difficult to apply offensive collateral estoppel in an equitable manner in this case.  The Court believes that it would be unfair to Defendants to apply the doctrine in this case.  The most fair case will be to require Plaintiff to prove the numerous claims it has asserted against Defendants.  Offensive collateral estoppel has a high chance of unfairly prejudicing Defendants and causing jury confusion.

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (DN 18) is DENIED.

4