**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO. 1:08-CV-00034-R**

**WESTPORT INSURANCE CORP.**                                             **PLAINTIFF**

**v.**

**DONALD MUDD & MARTHA TOWE**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Martha Towe's Motion to Vacate in

Part (DN 47). This Court has reviewed the record before it and need not wait for Plaintiff's

response. This motion is now ripe for adjudication. For the reasons that follow, Defendant's

Motion is DENIED.

**BACKGROUND**

The circumstances of this action arise from a fire on August 13, 2003, that destroyed

VFW Lt. Harold R. Cornwell Post 1298 ("VFW Post") in Bowling Green, Kentucky. Plaintiff

Westport Insurance Corporation ("Westport") insured the building pursuant to a then existing

insurance contract. After the destruction of the VFW Post, Westport paid $271,160 to cover the

loss. Additionally, Westport insured the lawful gaming revenue generated at the VFW Post.

Between August of 2003 and April of 2006, more than $170,000 was stolen or fraudulently

withheld from the management of the VFW Post. Westport paid $90,983 in satisfaction of that

claim as well under the dishonest employee provision of the policy. During this time, Defendant

Donald Mudd was employed by the VFW Post and his girlfriend, Defendant Martha Towe

("Mudd" or "Towe" or "Defendants"), was affiliated with the Post in various capacities.

The ensuing investigation by authorities of the fire and the missing gaming funds led to

the arrest and subsequent prosecution of Mudd and Towe. On March 6, 2008, a jury found

Mudd guilty of Illegal Structure of a Monetary Transaction, Arson, Conspiracy to Defraud the

United States, and two counts of Mail Fraud. Towe was found guilty of Illegal Structuring of a

Monetary Transaction, Conspiracy to Defraud the United States, and one count of Mail Fraud.

Neither Defendant appealed their convictions; however, Mudd did file a Motion to Vacate and

Set Aside his Conviction. Upon Judge Goebel's recommendation, this Court denied Mudd's §

2255 Motion on June 30, 2010.

On March 5, 2008, Westport filed the current action, claiming it was subrogated to the

VFW Post's interests in all claims connected to the arson and theft losses. It sought relief under

eight different causes of action against Mudd and Towe. As a partial basis for the claims of

subrogation, Westport pointed to a release signed by a representative of the VFW Post. DN 30-

1. The release read as follows:

> In consideration of [the payment of $90,983.78, under Insurance Policy No.
> LB00000016689-02, for the VFW Post's lost gaming revenue], the undersigned
> hereby assigns and transfers to Westport each and all claims and demands against
> any other party, person, or corporation arising from or connected with said loss, and
> it is agreed that the Westport is hereby subrogated in the place of and to the said
> claims and demands of the undersigned against said party, person or corporation to
> the extent of payment hereby made and received, and that the Westport is hereby
> authorized and empowered to sue, compromise and settle in its name or otherwise
> to the extent of said payment and against such person or persons.

DN 30-1 at 2.

Westport eventually moved for partial summary judgment, alleging that Defendants were

collaterally estopped from litigating the factual issues established in the previous criminal case

with regards to a number of civil claims asserted in this action. On November 5, 2010, this

Court granted in part and denied in part Westport's Motion for Partial Summary Judgment. DN

45. In that decision, the Court found that Towe's Mail Fraud conviction at the criminal trial

precluded her from disputing liability for committing civil theft. The Court rejected Towe's

argument that her liability for civil theft could not be established without an inquiry into whether

Towe could be included under the dishonest employee provision of the VFW Post's insurance

policy for its lost gaming revenue. Towe did not address the unambiguous language of the

release or deny that the VFW Post would have been capable of bringing suits for the theft against

her had it not assigned its rights to Westport.

Towe now brings this Motion to Vacate this Court's Memorandum Opinion and Order of

November 5, 2010, under Fed. R. Civ. P. 59. Towe again asserts that the question of whether

she falls under the definition of "employee" in the dishonest employee provision of the policy

was not litigated at the criminal trial and therefore must be confronted during this civil action.

She does not address the above-stated release or why it is inapplicable to the matter at hand.

**STANDARD & ANALYSIS**

Although this motion is ostensibly premised under Rule 59 Motion to Vacate[1], it is best

examined under this Court's "inherent power to reconsider interlocutory orders and reopen any

part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008).

"A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*,

922 F.2d 1273, 1282 (6th Cir. 1991). Since there is an interest in the finality of a decision, a

court should grant motions for reconsideration "only if the prior decision appears clearly to be

legally or factually erroneous." *Mobley v. Warden London Correctional Inst.*, No. 2:09-cv-638,

2010 WL 3586964, at *2 (S.D. Ohio Sept. 13, 2010); *see Rodriguez v. Tenn. Laborers Health &*

---

[1] Rule 59 offers litigants an opportunity to petition the district court for a new trial or to alter or amend a final judgment. *See* Fed. R. Civ. P. 59. This Court's previous decision to grant partial summary judgment as to Towe's liability for civil theft was not a final judgment and thus falls outside the rule. *See* DN 45.

*Welfare Fund*, 89 F. App'x. 949, 959 (6th Cir. 2004) ("Traditionally, courts will find

justification for reconsidering interlocutory orders when there is (1) an intervening change of

controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent

manifest injustice.").

Towe fails to offer any controlling law or new evidence why she should not be

collaterally estopped from arguing her liability for committing civil theft. A cursory review of

the criminal indictment illustrates that the issue of whether Towe absconded with gaming

revenue from the VFW Post was an important and necessary decision in finding whether she was

guilty of mail fraud. Towe was also provided a full and fair opportunity to litigate this issue at

her criminal trial. Finally, Towe's criminal conviction was a final judgment on the merits. As

the necessary elements for collateral estoppel have been established[2], Towe has not convinced

this Court that its earlier decision should be vacated.

In this motion, as in her response to Plaintiff's Motion for Partial Summary Judgment,

Towe offers that summary judgment as to her liability for civil theft was inappropriate because

the issue of whether she falls under the policy's definition of employee was never litigated at her

criminal trial. Even ignoring Towe's failure to cite any legal precedent in support of her

argument, she is again incorrect in this proposition. Kentucky has long upheld the doctrine of

"equitable subrogation" which "as applied in the insurance context, allows an insurer to sue a

---

[2] Collateral estoppel may be applied to bar litigation of an issue only if four basic criteria are met: "(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589-90 (6th Cir. 2009) (citing *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir. 1987)).

third party for injuries that the third party caused to the insured, when the insurer compensated

the insured for those injuries." *National Sur. Corp. v. Hartford Cas. Ins. Co.*, 493 F.3d 752, 756

(6th Cir. 2007) (relying upon Kentucky law); *see e.g.*, *Employers Mut. Liability Ins. Co. v.*

*Griffin Constr. Co.*, 280 S.W.2d 179, 182 (Ky. 1955); *Ohio Cas. Ins. Co. v. Vermeer Mfg. Co.*,

298 F.Supp.2d 575, 579-80 (W.D. Ky. 2004) (relying upon Kentucky law) ("The general rule is

that upon payment of a loss, the insurer is subrogated pro tanto to any right of action which the

insured may have against a third person whose negligence or tortuous act caused the loss.").[3]

The facts demonstrate that Westport has chosen to compensate the VFW Post for losses under

the policy. Determining whether losses created by a non-employee were covered under the

initial language of the policy was an issue that should have been reconciled between the insurer

and the insured prior to payment of the claim. However, since payment was made irrespective of

Towe's characterization as an employee or a non-employee, then to the extent she caused the

injuries suffered by the VFW Post, Westport is entitled to reimbursement from Towe for the

payments compensating the VFW Post for its injuries. By virtue of the doctrine of equitable

subrogation as well as the above-stated release, all the claims that the VFW Post could have

brought against Mudd and Towe belong now to Westport. Ergo, claims like civil theft or

conversion under Kentucky law are available to Westport to recoup the stolen funds from Towe.

In conclusion, under these facts, whether Towe falls under the definition of employee

under the policy is immaterial in determining her liability for civil theft. As the criminal trial

established the necessary elements to demonstrate her liability for civil theft beyond a reasonable

---

[3] This action is premised on diversity of parties. DN 1 at 2. Where jurisdiction is
exercised on diversity of parties, the substantive law of Kentucky governs the dispute.
*Rutherford v. Columbia Gas*, 575 F.3d 616, 623 (6th Cir. 2009).

doubt, Towe is collaterally estopped from disputing her liability for this count in this civil action.

## CONCLUSION

For the aforementioned reasons, IT IS HEREBY ORDERED that Defendant's Motion (DN 47) is DENIED.